UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY RAY LINCKS,           Movant, | § § § | |
| v. | § | No. 3:20-cv-1603-B (BT) |
| | § | |
| UNITED STATES OF AMERICA,           Respondent. | § § § | |

**ORDER**

This matter is before the Court on Movant Larry Ray Lincks's renewed motion for discovery and objection (doc. 29) to the United States Magistrate Judge's June 8, 2021 Findings, Conclusions, and Recommendation (FCR) (doc. 25). The June 8, 2021 FCR addressed Lincks's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 (doc. 2). For the reasons discussed below, Lincks's renewed motion for discovery is denied, his objection to the FCR is overruled, the Magistrate Judge's FCR is accepted, and a certificate of appealability is denied.

**Background**

Lincks pleaded guilty to possession with intent to distribute a controlled substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On June 19, 2018, the District Court sentenced him to 188 months' imprisonment. Lincks appealed to the Fifth Circuit Court of Appeals, but on February 12, 2019, the Court dismissed the appeal based on his appeal waiver. *See United States v. Lincks*, No. 18-10760 (5th Cir. Feb. 12, 2019) (per curiam). On June 17, 2019, the Supreme Court denied Lincks's petition for writ of certiorari. *See Lincks v. United States*, 139 S. Ct. 2731 (2019).

Lincks then filed this § 2255 motion (Doc. 2), which was received in the Clerk's Office on June 15, 2020. On June 8, 2021, the Magistrate Judge issued her FCR recommending that Lincks's § 2255 motion be denied. (Doc. 25.) On July 20, 2021, the Court received Lincks's renewed motion for discovery and objection to the FCR. (Doc. 29.)

## Discussion

With a dispositive matter, a magistrate judge issues findings and conclusions, recommending a disposition intended to support a district judge's ruling. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). By statute, a party can file objections within 14 days after being served with a copy of the magistrate judge's ruling. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(C). If a timely objection is not filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note. Following its review of the recommendation, a district court can either accept, reject, or modify the magistrate judge's recommended disposition; receive further evidence; or return the case to the magistrate judge with further instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Now, before the Court is Lincks's renewed motion for discovery and objection (doc. 29) to the United States Magistrate Judge's June 8, 2021 FCR. The record reflects the following: On October 30, 2020, the Court received Lincks's "Motion for Discovery and Production of Documents Pursuant to Rule 6 Governing 28 U.S.C. 2255 Proceedings" (doc. 13). Lincks moved for leave to conduct discovery, and he sought permission to obtain production of documents. (*Id.* at 1.) Specifically, he sought a transcribed copy of the CD-ROM of the Texas Department of Public Safety's (DPS) recorded interview at the time of his arrest, in addition to any other information from the "Disk." (*Id.* at 2.)

On December 31, 2020, the Court received Lincks's "motion for Discovery and production of Documents Pursuant to Rule 6 Governing 28 USC 2255 Proceedings" (doc. 20). In it, Lincks sought leave to conduct discovery, and he also sought the production of documents. (*Id.* at 1.) Lincks argued that his § 2255 motion raised a claim of ineffective assistance of counsel by his trial attorney, Aaron Wiley, who he claimed failed to follow his directions to review discovery, file motions, and make objections. (*Id.*) Lincks referred to a "recorded interview" on a compact disc he claimed was filed in the Clerk's Office in the Northern District of Texas, Dallas Division. (*Id.*)

On June 8, 2021, the Magistrate Judge denied Lincks's October 30, 2020 and December 31, 2020 motions. (Doc. 24.) The Magistrate Judge noted that Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts gives the Court discretion "to authorize a party to conduct discovery" with a showing of good cause. (*Id.* at 1.) The Magistrate Judge also noted that the requesting party "must provide reasons for the request" and "include any proposed interrogatories and requests for admission, and must specify any requested documents." (*Id.*) (citing Section 2255 Rules, Rule 6(b)). Finally, the Magistrate Judge noted that conclusory allegations were insufficient. (*Id.*) (citing *United States v. Webster*, 392 F.3d 787, 802 (5th Cir. 2004) ("Conclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact"). The Magistrate Judge found that Lincks failed to demonstrate "good cause" for the discovery he sought, and for this reason, she declined to exercise her discretion to grant his request for discovery. (*Id.*)

In Lincks's renewed motion for discovery, he refers to a "Motion for Production of digital evidence – namely the D.P.S. Recorded Interview at [the] time of Mr. Lincks Arrest." (Doc. 29 at 1.) Lincks claims that the recorded interview will need to be transcribed because he is in state

3

custody, and he is unable to receive digital evidence at the Texas Department of Criminal Justice (TDCJ). (*Id.*) Lincks further claims that he previously filed "many motions" in an effort to obtain evidence, and he has more than shown adequate reasons for obtaining the requested discovery material. (*Id.*) However, Lincks claims that the Magistrate Judge denied each of his motions seeking discovery. (*Id.*) In what appears to be an objection to the Magistrate Judge's June 8, 2021 FCR, Lincks argues that although the Magistrate Judge concluded that he had not established good cause for getting the requested evidence, he has come forward with "more than adequate evidence" to support his requests. (*Id.*) Lincks questions how he could have met his burden of proving ineffective assistance of counsel in his § 2255 motion when his requests for evidence were denied. (*Id.*) Finally, without further explanation, Lincks concludes that if he had the recorded interview from the time of his arrest, he could prove the claim of ineffective assistance of counsel set forth in his § 2255 motion. (*Id.* at 2.)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Rafiq v. United States*, No. 4:19-cv-050-O, 2020 WL 7009640, at *11 (N.D. Tex. Nov. 9, 2020). "A § 2255 movant may invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014) (quoting *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004)); *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997) (citing Habeas Rule 6(a)). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts allows discovery if a judge finds "good cause" to conduct discovery. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (noting that

discovery is to be permitted "only if and only to the extent that the district court finds good cause" under the analogous Rules Governing Section 2254 Proceedings in the United States District Courts). Good cause is present when a § 2255 motion "establishes a prima facie case for relief." *Id.* (quoting *Harrison v. Nelson*, 394 U.S. 286, 290 (1969)); *see also United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (citing *Bracy*, 520 U.S. at 908-09). Section 2255 was not intended to permit endless litigation on matters already resolved, and for this reason, discovery is properly limited to resolving factual disputes which, if resolved in the movant's favor, would entitle him to relief. *See Murphy*, 205 F.3d at 814. "Conclusional allegations are insufficient to warrant discovery; the [movant] must set forth specific allegations of fact." *Webster*, 392 F.3d at 802 (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

In this case, Lincks's conclusory allegations are an insufficient basis for the Court to grant his request for discovery. *See id.* In particular, Lincks fails to demonstrate good cause for the purpose of allowing discovery under Rule 6 of the Section 2255 Rules. For this reason, Lincks's conclusory request for digital evidence, specifically a recorded interview he contends occurred at the time of his arrest, fails to demonstrate that he is entitled to discovery under Rule 6. After all, Rule 6 does not "sanction fishing expeditions[.]" *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) ("[W]e have made clear that Rule 6 does not authorize fishing expeditions") (internal citation and quotation marks omitted). Consequently, Lincks's renewed motion for discovery must be denied. Additionally, because the Magistrate Judge did not err in denying Lincks's October 30, 2020 and December 31, 2020 motions for discovery, Lincks's claim that the denial of his two motions for discovery prevented him from making the requisite showing in his § 2255 motion also must fail. Accordingly, Lincks's objection is overruled.

Next, in Lincks's renewed motion for discovery and objection to the FCR, he asks, "Shall I ask for an evidentiary hearing?" (Doc. 29 at 1.) With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110). As discussed, Lincks's objection to the FCR lacks merit, and because the Magistrate Judge correctly found that his § 2255 motion should be denied, to the extent Lincks is making a request for an evidentiary hearing at this time, it is denied.

After making an independent review of the pleadings, files and records in this case, and the FCR of the Magistrate Judge dated June 8, 2021, the Court finds that the Magistrate Judge's FCR is correct, and it is accepted as the findings, conclusions, and recommendation of the Court. It is, therefore, ordered that the Magistrate Judge's June 8, 2021 FCR is accepted.

Finally, the Court must determine whether the issuance of a certificate of appealability is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the Court is denying Lincks's § 2255 motion, it must determine whether he is entitled to a certificate of appealability (COA). A COA will be issued only if the applicant has made

a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Lincks a certificate of appealability.

## Conclusion

Considering the foregoing, Lincks's renewed motion for discovery is denied, his objection to the Magistrate Judge's June 8, 2021 Findings, Conclusions, and Recommendation is overruled, the Magistrate Judge's Findings, Conclusions, and Recommendation are accepted, and a certificate of appealability is denied.

In the event that a notice of appeal is filed, Lincks must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**SO ORDERED** this 27th day of August, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE