IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARY RAY LINCKS, § | |
|     Movant, § | |
| § | |
| v. § | No. 3:20-cv-01603-B-BT |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Larry Ray Lincks's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 35). For the reasons discussed herein, Lincks's motion should be denied.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A district court may certify that an appeal is not taken in good faith and deny a motion to proceed *in forma pauperis*, but it must set forth its reasons for doing so. *Pohl v. Thaler*, 429 F. App'x 408, 409 (5th Cir. 2011) (per curiam) (citing *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)). When the underlying claims are "entirely frivolous

and had no possibility of success," the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201-02. The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, ___ F. App'x ___, 2021 4162809, at *1 (5th Cir. Sept. 13, 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court's certification that an appeal is not taken in good faith is reviewed for abuse of discretion. *Id.* (citing *Carson*, 689 F.2d at 586). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

## II.

On June 8, 2021, the undersigned magistrate judge addressed each of Lincks's claims, determined they were meritless, and recommended his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 be denied. On August 27, 2021, the Court accepted the magistrate judge's recommendation and entered judgment. Ord. (ECF No. 32); J. (ECF No. 33). At that time, the Court found, "Considering the specific facts of this case and the relevant law, the Court fails to find that 'jurists of reason could debate the propriety' of the actions taken in this order or otherwise conclude 'that [the] claims are adequate to deserve encouragement to proceed further.'" (ECF No. 32 at 7.) The Court also denied Lincks a certificate of appealability. *Id.* On September 13, 2021, the Court received

Lincks's notice of appeal. The same day, the Court also received Lincks's motion for leave to proceed *in forma pauperis* on appeal.

As discussed, the Court previously concluded that Lincks's claims did not deserve further encouragement and denied a certificate of appealability. Incorporating the magistrate judge's Findings, Conclusions, and Recommendation and the Court's order of adoption, which denied a certificate of appealability, the Court should certify that the appeal is not taken in good faith. Specifically, the appeal presents no legal point of arguable merit, and it would be frivolous. *See Howard*, 707 F.2d at 220.

### III.

For the foregoing reasons, the Court should find that any appeal of this action would not be taken in good faith. *See Baugh*, 117 F.3d at 202. The Court should DENY Lincks's motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Lincks's request to proceed *in forma pauperis* on appeal, he may challenge that finding, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See id.* at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed October 5, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).